UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| | ) | Cause No.  2:19-cv-505 |
| | ) | |
| $35,700.00 in U.S. Currency | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by its attorneys, Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, and Orest Szewciw, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.   This is an action to forfeit and condemn to the use and benefit of the United States of America pursuant to 21 U.S.C. § 881(a)(6) the following described property: $35,700.00 in U.S. Currency   (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

### THE DEFENDANT(S) IN REM

2.    Defendant property was seized on or about August 7, 2019, from Alexander Gomez and Jaime Andres Varon-Londono during a traffic stop in Lake County, Indiana.   Defendant property is presently in the custody of the United States Marshal in South Bend, Indiana.

### JURISDICTION AND VENUE

3.   Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.   This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)

5.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and also pursuant to 28 U.S.C. §1395(b), because the defendant property was found within this district.

BASIS FOR FORFEITURE

6.   The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

FACTS

7.   On August 7, 2019, a law enforcement officer initiated a lawful traffic stop on Interstate 90 in Lake County, Indiana, of rental vehicle driven by Andres Varon-Londonao (Veron).   Alexander Gomez (Gomez) was a passenger in the vehicle.   The officer approached the driver of the vehicle during the stop and asked for his license and registration.   Gomez, the passenger, began answering for the driver and stated it was a rental vehicle which he had rented.

2

Gomez stated that Veron did not speak English.   Veron and Gomez each provided the officer with a Columbian passport.

8.   During the stop, the officer had Gomez sit in the police vehicle and informed him that he was only going to write a warning.   The officer noticed that Gomez was acting extremely nervous despite having been informed that only a warning was being issued. During a conversation with Gomez, the officer learned that Gomez and Veron had flown from Tampa, Florida, to Chicago, Illinois, and were scheduled to return to Tampa, Florida, on August 8, 2019. Gomez stated they were visiting a friend in Indiana.   The officer inquired if there were any drugs, guns or large amounts of currency in the rental vehicle.   Gomez replied there were not. The officer asked permission to search the vehicle and Gomez consented.   Gomez then informed the officer there was $20,000.00 cash in the vehicle.   The officer approached the rental vehicle and, using Google translator, asked Veron for permission to search the rental vehicle.   Veron consented.   The officer had Veron then sit in the police vehicle.

9.   During the search, the officer discovered three rubber-banded bundles of currency in the vehicle.   One bundle was located in the glove box, one was in a small bag on the passenger side floorboard and the third was wrapped in a T-shirt inside in a backpack.

10.   The officer returned to the police vehicle and inquired about the source of the currency.   Veron stated the money was given to him a friend in Niles, Michigan to buy clothes in Tampa, Florida.   Gomez stated he was going to put the money in the bank and buy a house in Columbia.   Gomez did not know the name of the person who gave them the money.   Veron

3

called the woman he claimed gave him the currency, but she would not speak with the officer.

11.   The officer then had his drug-detecting dog do a free air sniff around the perimeter of the vehicle during which the dog alerted positive to the presence of narcotics near the C pillar of the vehicle.

12.   On August 9, 2019, Natividad Rivera (Rivera) spoke with a DEA Task Force Officer regarding the seized currency and stated that she gave the money to Gomez and Varon to take the money to Chicago to deposit into a bank and then transfer the money to Columbia for the purpose of opening a clothing store.   When asked if she believed it would make more sense to transfer the money through a bank account from the start, rather than have Gomez and Varon fly in to pick it up, she had no response.

13.   On August 14, 2019, the DEA Task Force Officer reviewed the inside dash-cam footage from the traffic stop of August 7th.   A review showed that Gomez and Veron were attempting to get coordinate their stories regarding the currency.   In addition, Gomez uses his cell phone to call someone, believed to be Rivera, and coaches the person on what to say if the office contacts her.   Gomez states to the person to make sure to tell the office that they have known each other for one year.

14.   On August 14, 2019, a drug sniff was conducted with respect to the seized currency. Four one dollar bills from the Clerk's Petty Cash were placed in separate pro-launch boxes.   The drug-detecting dog was commanded to sniff for narcotics, but gave no positive indication for the presence of narcotics.   The dog was removed and a $100 bill from the seized currency was

placed in a separate pro-launch box and interspersed with the four other boxes.   The dog was brought back and commanded to do a sniff.   The dog gave a positive alert to the box in which the $100 bill was placed.

WHEREFORE, the plaintiff requests that the defendant property be forfeited and condemned to the United States of America; that Warrant of Arrest In Rem be issued for defendant property; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this court deems proper and just.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:    /s/ Orest Szewciw
_____
Orest Szewciw
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219)937-5500; fax: 219-852-2770
email:orest.szewciw@usdoj.gov

## **VERIFICATION**

I, Scott Hartz, hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Drug Enforcement Administration (DEA); that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge.

The sources of my knowledge and information are the official files and records of the DEA, along with information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated: 12-30-2019

Scott Hartz, Special Agent
U.S. Drug Enforcement Administration

6

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1 U.S. Government Plaintiff

❏ 2 U.S. Government Defendant

❏ 3 Federal Question
*(U.S. Government Not a Party)*

❏ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding

❏ 2 Removed from State Court

❏ 3 Remanded from Appellate Court

❏ 4 Reinstated or Reopened

❏ 5 Transferred from Another District *(specify)*

❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

USDC IN/ND case 2:19-cv-00505   document 1-1   filed 12/30/19   page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Cause No. 2:19-cv-505 |
| | ) | |
| $35,700.00 in U.S. Currency, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## <u>WARRANT  FOR ARREST IN REM</u>

TO:    THE UNITED STATES MARSHAL FOR THE NORTHERN
DISTRICT OF INDIANA AND/OR ANY OTHER DULY AUTHORIZED LAW
ENFORCEMENT OFFICER:

WHEREAS, on  December 30, 2019 , the United States of America filed
a verified complaint for civil forfeiture in the United States District Court for
the Northern District of Indiana against the above-named defendant
property, alleging that said property is subject to seizure and civil forfeiture
to the United States for reasons mentioned in the complaint;

NOW THEREFORE, you are hereby commanded to arrest and take
into your possession the above-named defendant property and to use
whatever means appropriate to protect and maintain it in your custody until
further order of the Court.

YOU ARE FURTHER COMMANDED to provide notice of this action to
any person thought to have a potential interest in or claim against the
defendant property by serving upon such person or to the attorney
representing the potential claimant with respect to the seizure of the
property, a copy of this warrant of arrest in rem and the verified complaint,
in a manner consistent with the principles of service of process of an action in

rem under the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure.

This warrant provides notice that in order to avoid civil forfeiture of the property, any person claiming an interest in, or right against, the property must file a claim in the court where the action is pending, pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.  The claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by *the claimant* under penalty of perjury, and be served on the government attorney handling the case.  A claimant must file a claim no later than 35 days after the date the notice is sent or, as applicable, no later than 30 days after the date of final publication of the notice of civil forfeiture.  In addition, any person having filed such a claim shall also file an answer or motion to the complaint no later than 20 days after the filing of the claim.

All claims and answers or motions for the defendant property must be filed with the Office of the Clerk, United States District Court for the Northern District of Indiana, 5400 Federal Plaza, Hammond, Indiana 46320, and a copy of the claim and answer or motion sent to  Assistant United Sates Attorney Orest Szewciw, United States Attorney's Office, 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320.

Additional procedures and regulations regarding this forfeiture action are found at 19 U.S.C. §§1602-1621.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Dated: _____

Robert N. Trgovich
Clerk of the Court

By:  _____
Deputy Clerk